UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS STALCUP, ) | C.A. No. 1:21-MC-91009-LTS |
| Plaintiff, ) | |
| v. ) | |
| DEPARTMENT OF DEFENSE, ) | |
| Defendant. ) | |

**PLAINTIFF'S CERTIFFIED REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S EMERGENCY RENEWED MOTION TO COMPEL THE FBI TO PRODUCE RECORDS**

Due to the emergency nature of this motion, Plaintiff is certifying, drafting, and filing this Reply quickly, and hopes that if the Court requires any additional information, that it will schedule a hearing shortly to give Plaintiff the opportunity to collect and produce that information.

Once again, the government is misleading the Court regarding the facts at hand, just as DoD has very recently in the parent case, Stalcup v. DoD[1]. Here, the FBI has inaccurately stated here that "no further documents, satellite or radar records were found" after Plaintiff provided the FBI with a "receipt" indicating that they should have copies of Navy radar tapes. In actuality, after providing that receipt (custody record) to the FBI, a box is described in an FBI declaration as appearing at an office, without saying much more about it, with a label or some other indication that it should contain the Navy radar tapes in question. And inside of that box were many documents described as having water

---

1  In Stalcup v. DoD, the DoD recently claimed that there were no Navy vessels closer to TWA Flight 800 than the USS Normandy. However, the government has already admitted publicly that Navy submarines were much closer. And as the FBI Assistant Director stated in a recorded conversation, those submarines were on "classified maneuvers". And the NTSB confirmed that a Navy aircraft transiting to join an exercise with those very subs was only three miles from TWA Flight 800 when Flight 800 exploded. Furthermore, the Captain of the USS Normandy admitted under oath in Stalcup v. DoD that he was aware of a report of an "Aegis" class Navy ship (ones that launch missiles) off Long Island the day TWA 800 went down, and he testified that this was not his ship. Indeed, it was identified as being within a different class of ship, the Arleigh Burke Destroyer class, a class that has the exact same surface to air missiles confirmed to have been used in the East Coast testing at issue in that case.

damage. As Plaintiff recalls, the FBI affidavit describes those documents as not "relevant" to Plaintiff's subpoena without providing much more information about them. However, the FBI did not declare that they were not "responsive". Those documents are very likely responsive to Plaintiff's subpoena, and so they must be produced.

Plaintiff has also described in his affidavit and another papers related to this motion the very many other areas that were not searched by the FBI, which former FBI officials told him should have been searched. Plaintiff also cited the FBI's own records manuals showing that additional records, such as custody records, do most likely exist and have not yet been produced.

For these reasons, along with the reasons cited in his related papers, and because there is a compelling need for this information quickly to help prevent the imminent destruction of related and essential evidence that will likely be required by those with rights to file claims in US Courts, the Court must order the FBI to comply with its subpoena immediately.

I, Thomas F. Stalcup, on this 30th day of September, 2021, do hereby declare under the penalty of perjury, that all of the above information is accurate to the best of my knowledge and belief.

/s/ *Thomas Stalcup*____
Thomas Stalcup, PhD
50 Green St. Apt. 202, Brookline, MA 02446
(774) 392-0856 – stalcupt@gmail.com

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1**

I hereby certify that I, pro se Plaintiff Dr. Thomas Stalcup, conferred via email with FBI counsel AUSA Rayford Farquhar on September 16th, 2021 regarding this emergency motion.

Dated: September 30, 2021

/s/ *Thomas Stalcup*____
Thomas Stalcup, PhD